MICHAEL R. SEW HOY (Cal. Bar No. 243391)
Email: sewhoym@sec.gov
CHARLES E. CANTER (Cal. Bar No. 263197)
Email: canterc@sec.gov
DOHOANG T. DUONG (Cal. Bar No. 219127)
Email: duongdo@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katherine Zoladz, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CRITERION WEALTH MANAGEMENT INSURANCE SERVICES, INC.; ROBERT ALLEN GRAVETTE; and MARK ANDREW MACARTHUR,

Defendants.

Case No. 2:20-cv-01402-ODW-JEM

**DECLARATION OF MICHAEL R. SEW HOY IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS CRITERION WEALTH MANAGEMENT INSURANCE SERVICES, INC., ROBERT ALLEN GRAVETTE and MARK ANDREW MACARTHUR**

Date: December 6, 2021
Time: 1:30 p.m.
Ctrm: 5D
Judge: Hon. Otis D. Wright, II

I, Michael R. Sew Hoy, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am an attorney admitted to practice law by the State Bar of California and by this Court. I am currently a Trial Counsel with Plaintiff Securities and Exchange Commission's ("SEC") Los Angeles Regional Office. I have personal knowledge of the matters set forth herein, except as otherwise noted, and, if called as a witness, I could and would competently testify under oath to the facts stated herein.

2. I make this declaration in support of the SEC's accompanying Motion for Partial Summary Judgment against Defendants Criterion Wealth Management Insurance Services, Inc. ("Criterion"), Robert Allen Gravette ("Gravette") and Mark A. MacArthur ("MacArthur") (collectively, "Defendants").

3. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the investigative testimony of Jeff D. Brown taken on May 29, 2019.

4. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from the investigative testimony of Robert A. Gravette taken on August 22, 2018.

5. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the deposition of Robert A. Gravette taken on October 21, 2021.

6. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the investigative testimony of Mark MacArthur taken on June 12, 2018.

7. Attached hereto as **Exhibit 5** is a true and correct copy of the deposition of Mark MacArthur taken on October 14, 2021.

8. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the investigative testimony of Larry Nakamura taken on October 19, 2018.

9. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the investigative testimony of Daniel Niednagel taken on August 16, 2018.

10. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the deposition of Daniel Niednagel taken on September 30, 2021.

11. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the deposition of Linda Searcy taken on August 25, 2021.

12. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts from the investigative testimony of John Southard taken on December 16, 2019.

13. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the investigative testimony of Jason Stauffer taken on July 19, 2018.

14. Attached hereto as **Exhibit 12** is a true and correct copy of the deposition of Robert A. Gravette on behalf of Criterion under Fed. R. Civ. P. 30(b)(6), taken on October 15, 2021.

15. Attached hereto as **Exhibit 13** is a true and correct copy of Mark MacArthur's Exam Info from Web CRD, which was previously marked as Exhibit 4 during the SEC's investigation.

16. Attached hereto as **Exhibit 14** is a true and correct copy of Criterion Insurance Services, Inc.'s IA Policies and Procedures Manual, revised as of April 5, 2008, which was previously marked as Exhibit 7 during the SEC's investigation.

17. Attached hereto as **Exhibit 15** is a true and correct copy of Criterion's IA Policies and Procedures Manual Investment Adviser Policies and Procedures Manual, which was previously marked as Exhibit 8 during the SEC's investigation.

18. Attached hereto as **Exhibit 16** is a true and correct copy of March 2015 Criterion's Form ADV, which was previously as Exhibit 9 marked during the SEC's investigation.

19. Attached hereto as **Exhibit 17** is a true and correct copy of March 29, 2016 letter from Jason Stauffer regarding annual disclosures, which was previously marked as Exhibit 10 during the SEC's investigation.

20. Attached hereto as **Exhibit 18** is a true and correct copy of March 2016 Criterion Wealth Management Insurance Services, Inc.'s Form ADV, which was previously marked as Exhibit 11 during the SEC's investigation.

21. Attached hereto as **Exhibit 19** is a true and correct copy of the May 2014 Criterion's Investment Advisory Agreement, which was previously marked as Exhibit 12 during the SEC's investigation.

22. Attached hereto as **Exhibit 20** is a true and correct copy of the December 20, 2016 Criterion Capital Investments's Investment Advisory Agreement, which was previously marked as Exhibit 13 during the SEC's investigation.

23. Attached hereto as **Exhibit 21** is a true and correct copy of the April 1, 2014 Private Placement Memorandum ("PPM") for T2 Strategic Real Estate Income Fund, LLC ("SREI"), which was previously marked as Exhibit 14 during the SEC's investigation.

24. Attached hereto as **Exhibit 22** is a true and correct copy of the December 1, 2014 PPM for T2 Asset Opportunity Fund IV, LP ("AOFIV"), which was previously marked as Exhibit 15 during the SEC's investigation.

25. Attached hereto as **Exhibit 23** is a true and correct copy of the February 16, 2015 Southland Home Mortgage II LLC's PPM, which was previously marked as Exhibit 16 during the SEC's investigation.

26. Attached hereto as **Exhibit 24** is a true and correct copy of the May 25, 2016 Pacific West Home Mortgage II LLC's PPM, which was previously marked as Exhibit 17 during the SEC's investigation.

27. Attached hereto as **Exhibit 25** is a true and correct copy of SEC's April 20, 2017 OCIE deficiency letter sent to Gravette and Jason Stauffer, which was previously marked as Exhibit 19 during the SEC's investigation.

28. Attached hereto as **Exhibit 26** is a true and correct copy of the June 9, 2017 client disclosure letter, which was previously marked as Exhibit 20 during the SEC's investigation.

29. Attached hereto as **Exhibit 27** is a true and correct copy of the July 1, 2016 Independent Contractor Agreement between Criterion and MacArthur, which was previously marked as Exhibit 21 during the SEC's investigation.

30. Attached hereto as **Exhibit 28** is a true and correct copy of the October 1, 2016 Criterion's Investment Processes, which was previously marked as Exhibit 25 during the SEC's investigation.

31. Attached hereto as **Exhibit 29** is a true and correct copy of the January 26, 2014 Firm Brochure Form ADV Part 2A of Bird Rock Management, LLC ("Bird Rock"), which was previously marked as Exhibit 34 during the SEC's investigation.

32. Attached hereto as **Exhibit 30** is a true and correct copy of the March 29, 2017 Bird Rock's Firm Brochure Form ADV Part 2A, which was previously marked as Exhibit 35 during the SEC's investigation.

33. Attached hereto as **Exhibit 31** is a true and correct copy of the November 4, 2016 email from Daniel Niednagel to Jason Stauffer describing Criterion compensation arrangement, which was previously marked as Exhibit 36 during the SEC's investigation.

34. Attached hereto as **Exhibit 32** is a true and correct copy of Gravette's Web CRD Exam Information, which was previously marked as Exhibit 46 during the SEC's investigation.

35. Attached hereto as **Exhibit 33** is a true and correct copy of the May 30, 2017 email from Gravette to MacArthur attaching a timeline describing Criterion's affiliation with Bird Rock, which was previously marked as Exhibit 49 during the SEC's investigation.

36. Attached hereto as **Exhibit 34** is a true and correct copy of January 6, 2014 A Proposal for: Investment Adviser Program Review presented to Criterion Wealth Management by National Regulatory Services ("NRS"), previously marked as Exhibit 53 during the SEC's investigation.

37. Attached hereto as **Exhibit 35** is a true and correct copy of NRS's May 28, 2014 Investment Adviser Consultation Report, which was previously marked as Exhibit 56 during the SEC's investigation.

38. Attached hereto as **Exhibit 36** is a true and correct copy of Criterion's response to the April 20, 2017 OCIE deficiency letter, which was previously marked as Exhibit 62 during the SEC's investigation.

39. Attached hereto as **Exhibit 37** is a true and correct copy of the April 27, 2018 T2 Capital Management's Form ADV Pt. 1, which was previously marked as Exhibit 66 during the SEC's investigation.

40. Attached hereto as **Exhibit 38** is a true and correct copy of the April 1, 2014 T2 Capital Placement Agreement with Ausdal for SREI, which was previously marked as Exhibit 67 during the SEC's investigation.

41. Attached hereto as **Exhibit 39** is a true and correct copy of the April 1, 2014 T2 SREI Class C Units Supplement to PPM, which was previously marked as Exhibit 68 during the SEC's investigation.

42. Attached hereto as **Exhibit 40** is a true and correct copy of the January 13, 2015 email from Gravette to John Southard, copying Jeff Brown, regarding T2 Funds I & II / Criterion Carry, which was previously marked as Exhibit 75 during the SEC's investigation.

43. Attached hereto as **Exhibit 41** is a true and correct copy of the February 2015 T2 Asset Opportunity Fund IV, LP's PPM, which was previously marked as Exhibit 78 to the SEC's investigation.

44. Attached hereto as **Exhibit 42** is a true and correct copy of the February 2, 2015 email from Jeff Baxter to Gravette, copying Jason Stauffer, attaching T2 Asset Opportunity Fund IV Fact Sheet, which was previously marked as Exhibit 79 during the SEC's investigation.

45. Attached hereto as **Exhibit 43** is a true and correct copy of the March 2, 2015 T2 Capital Placement Agreement with Ausdal for AOFIV, which was previously marked as Exhibit 80 during the SEC's investigation.

46. Attached hereto as **Exhibit 44** is a true and correct copy of T2 SREI's Financial Statements for year ended December 31, 2014, which was previously marked as Exhibit 88 during the SEC's investigation.

47. Attached hereto as **Exhibit 45** is a true and correct copy of AOFIV's Financial Statements for year ended December 31, 2016, which was previously marked as Exhibit 97 during the SEC's investigation.

48. Attached hereto as **Exhibit 46** is a true and correct copy of the November 13, 2006 Registered Representative Agreement between Gravette and Robert B. Ausdal & Co. Inc., which was previously marked as Exhibit 101 during the deposition of Mr. Gravette.

49. Attached hereto as **Exhibit 47** is a true and correct copy of the May 16, 2016 Bird Rock Management's Firm Brochure Form ADV Part 2A, which was previously marked as Exhibit 119 during the deposition of Mr. Niednagel.

50. Attached hereto as **Exhibit 48** is a true and correct copy of an Excel spreadsheet attached to the November 4, 2016 email from Daniel Niednagel to Jason Stauffer describing Criterion compensation agreement, which was previously marked as Exhibit 120 during the deposition of Mr. Niednagel.

51. Attached hereto as **Exhibit 49** is a true and correct copy of the July 21, 2016 Bird Rock agreement with Ausdal for Pacific West Mortgage II, LLC, which was previously marked as Exhibit 127 during the deposition of Mr. Niednagel.

52. Attached hereto as **Exhibit 50** is a true and correct copy of the May 2014 Investment Advisory Agreement between Criterion and Patrick Denard, which was previously marked during the deposition of Mr. Gravette.

53. Attached hereto as **Exhibit 51** is a true and correct copy of the November 17, 2015 Investment Advisory Agreement between Criterion Wealth Management and David and Vicki Chow, which was previously marked as Exhibit 142 during the deposition of Mr. MacArthur.

54. Attached hereto as **Exhibit 52** is a true and correct copy of Criterion Wealth Management's Management Fee Confirmation for David C. and Vicky W. Chow, which was previously marked as Exhibit 143 during the deposition of Mr. MacArthur.

55. Attached hereto as **Exhibit 53** is a true and correct copy of Criterion Wealth Management's Alternative Investment Fee Confirmation for David C. and Vicky W. Chow, which was previously marked as Exhibit 144 during the deposition of Mr. MacArthur.

56. Attached hereto as **Exhibit 54** is a true and correct copy of David C. Chow's and Vicky W. Chow's T2SREI Subscription Package, which was previously marked as Exhibit 145 during the deposition of Mr. MacArthur.

57. Attached hereto as **Exhibit 55** is a true and correct copy of the April 6, 2015 Investment Advisory Agreement between Criterion Wealth Management and John H. Stanley and Joyce C. Stanley, which was previously marked as Exhibit 148 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

58. Attached hereto as **Exhibit 56** is a true and correct copy of Criterion Wealth Management's General Ledger for period ending December 31, 2014, which was previously marked as Exhibit 153 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

59. Attached hereto as **Exhibit 57** is a true and correct copy of Criterion Wealth Management's 2014 Tax Return, which was previously marked as Exhibit 161 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

60. Attached hereto as **Exhibit 58** is a true and correct copy of Criterion Wealth Management's 2015 Tax Return, which was previously marked as Exhibit 162 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

61. Attached hereto as **Exhibit 59** is a true and correct copy of Criterion Wealth Management's 2016 Tax Return, which was previously marked as Exhibit 163 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

62. Attached hereto as **Exhibit 60** is a true and correct copy of Criterion Wealth Management's 2017 Tax Return, which was previously marked as Exhibit 164 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

63. Attached hereto as **Exhibit 61** is a true and correct copy of the March 17, 2015 Criterion Wealth Management's Part 2A of Form ADV: Firm Brochure, which was previously attached as Exhibit 9 to the SEC's First Set of Request for Admissions.

64. Attached hereto as **Exhibit 62** is a true and correct copy of March 30, 2016 Criterion Wealth Management's Part 2A of Form ADV: Firm Brochure, which was previously attached as Exhibit 11 to the SEC's First Set of Request for Admissions.

65. Attached hereto as **Exhibit 63** is a true and correct copy of the March 18, 2014 Criterion Wealth Management's Form ADV filing, which was previously attached as Exhibit 102 to the SEC's First Set of Request for Admissions.

66. Attached hereto as **Exhibit 64** is a true and correct copy of the March 10, 2014 Criterion Wealth Management's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 103 to the SEC's First Set of Request for Admissions.

67. Attached hereto as **Exhibit 65** is a true and correct copy of the March 23, 2015 Criterion Wealth Management's Form ADV filing, which was previously attached as Exhibit 104 to the SEC's First Set of Request for Admissions.

68. Attached hereto as **Exhibit 66** is a true and correct copy of July 13, 2015 Criterion Wealth Management's Form ADV filing, which was previously attached as Exhibit 105 to the SEC's First Set of Request for Admissions.

69. Attached hereto as **Exhibit 67** is a true and correct copy of the March 30, 2016 Criterion Wealth Management's Form ADV filing, which was previously attached as Exhibit 106 to the SEC's First Set of Request for Admissions.

70. Attached hereto as **Exhibit 68** is a true and correct copy of the March 30, 2016 Criterion Wealth Management's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 107 to the SEC's First Set of Request for Admissions.

71. Attached hereto as **Exhibit 69** is a true and correct copy of the August 9, 2016 Criterion Wealth Management's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 108 to the SEC's First Set of Request for Admissions.

72. Attached hereto as **Exhibit 70** is a true and correct copy of the March 31, 2017 Criterion Wealth Management's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 109 to the SEC's First Set of Request for Admissions.

73. Attached hereto as **Exhibit 71** is a true and correct copy of the March 31, 2017 Criterion Capital Investment's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 110 to the SEC's First Set of Request for Admissions.

74. Attached hereto as **Exhibit 72** is a true and correct copy of the March 28, 2018 Criterion Wealth Management's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 111 to the SEC's First Set of Request for Admissions.

75. Attached hereto as **Exhibit 73** is a true and correct copy of the July 1, 2018 Criterion Wealth Management's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 112 to the SEC's First Set of Request for Admissions.

76. Attached hereto as **Exhibit 74** is a true and correct copy of the August 27, 2018 Criterion Wealth Management's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 113 to the SEC's First Set of Request for Admissions.

77. Attached hereto as **Exhibit 75** is a true and correct copy of the July 1, 2018 Criterion Wealth Management's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 114 to the SEC's First Set of Request for Admissions.

78. Attached hereto as **Exhibit 76** is a true and correct copy of the September 7, 2018 Criterion Wealth Management's Part 2A Form ADV Firm

Brochure, which was previously attached as Exhibit 115 to the SEC's First Set of Request for Admissions.

79. Attached hereto as **Exhibit 77** is a true and correct copy of the February 21, 2019 Criterion Wealth Management's Part 2A Form ADV Firm Brochure, which was previously attached as Exhibit 116 to the SEC's First Set of Request for Admissions.

80. Attached hereto as **Exhibit 78** is a true and correct copy of the April 15, 2020 Criterion Wealth Management's Part 2A Form ADV Firm Brochure_DRAFT Redline, which was previously attached as Exhibit 117 to the SEC's First Set of Request for Admissions.

81. Attached hereto as **Exhibit 79** is a true and correct copy of the April 1, 2014 T2 Strategic Real Estate Income Fund, LLC's PPM, which was previously marked as Exhibit 10 to the deposition of Ms. Searcy.

82. Attached hereto as **Exhibit 80** is a true and correct copy of the April 2015 Class A Units Supplement to T2 Strategic Real Estate Income Fund, LLC's PPM, which was previously marked as Exhibit 11 to the deposition of Ms. Searcy.

83. Attached hereto as **Exhibit 81** is a true and correct copy of the April 1, 2014 Class A Units Supplement to T2 Strategic Real Estate Income Fund, LLC's PPM, which was previously marked as Exhibit 12 to the deposition of Ms. Searcy.

84. Attached hereto as **Exhibit 82** is a true and correct copy of the June 20, 2014 email from Jeff Baxter to Jeff Brown attaching Class A T2 Strategic Real Estate Income Fund LP Fact Sheet, which was previously marked as Exhibit 14 to the deposition of Ms. Searcy.

85. Attached hereto as **Exhibit 83** is a true and correct copy of August 1, 2014 of T2 Opportunity Fund IV, LP's PPM, which was previously marked as Exhibit 23 to the deposition of Ms. Searcy.

86. Attached hereto as **Exhibit 84** is a true and correct copy of the declaration of David Chow dated January 17, 2020.

87. Attached hereto as **Exhibit 85** is a true and correct copy of the declaration of Patrick Denard, M.D., dated January 16, 2020.

88. Attached hereto as **Exhibit 86** is a true and correct copy of the declaration of James Jefferson Simpson dated October 23, 2021.

89. Attached hereto as **Exhibit 87** is a true and correct copy of the May 014 Investment Advisory Agreement between Criterion and Patrick Denard, which was previously marked as Exhibit 134 during the deposition of Mr. Gravette.

90. Attached hereto as **Exhibit 88** is a true and correct copy of the March 21, 2014 emails between Jeff Baxter and Gravette regarding T2 Strategic Real Estate Income Fund, LLC – Offering Documents, which was previously marked as Exhibit 137 during the deposition of Mr. Gravette.

91. Attached hereto as **Exhibit 89** is a true and correct copy of the Criterion Wealth Management's Alternative Investment Disclosure Acknowledgement Form, which was previously marked as Exhibit 28 during the SEC's investigation.

92. Attached hereto as **Exhibit 90** is a true and correct copy of Larry Nakamura's memo re "Sections to add to the Compliance Manual," which was previously marked as Exhibit 58 during the SEC's investigation.

93. Attached hereto as **Exhibit 91** is a true and correct copy of SREI's Financial Statements for year ended December 31, 2015, which was previously marked as Exhibit 76 during the SEC's investigation.

94. Attached hereto as **Exhibit 92** is a true and correct copy of SREI's Financial Statements for year ended December 31, 2016, which was previously marked as Exhibit 77 during the SEC's investigation.

95. Attached hereto as **Exhibit 93** is a true and correct copy of AOFIV's Financial Statements for year ended December 31, 2016, which was previously marked as Exhibit 82 during the SEC's investigation.

96. Attached hereto as **Exhibit 94** is a true and correct copy of the October 11, 2016 Criterion Wealth Management's Billable Assets Under Management Fee

Confirmation, which was previously marked as Exhibit 135 during the deposition of Mr. Gravette.

97. Attached hereto as **Exhibit 95** is a true and correct copy of November 18, 2016 Criterion Wealth Management's Alternative Investment Fee Confirmation, which was previously marked as Exhibit 136 during the deposition of Mr. Gravette.

98. Attached hereto as **Exhibit 96** is a true and correct copy of the August 27, 2014 email from Jeff Baxter to Jason Stauffer, MacArthur and Gravette re Fund IV, which was previously marked as Exhibit 139 during the deposition of Mr. Gravette.

99. Attached hereto as **Exhibit 97** is a true and correct copy of Criterion's General Ledger for period ending December 31, 2015, which was previously marked as Exhibit 154 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

100. Attached hereto as **Exhibit 98** is a true and correct copy of Criterion's General Ledger for period ending December 31, 2016, which was previously marked as Exhibit 155 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

101. Attached hereto as **Exhibit 99** is a true and correct copy of Criterion's General Ledger for period ending December 31, 2017, which was previously marked as Exhibit 156 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

102. Attached hereto as **Exhibit 100** is a true and correct copy of Criterion's General Ledger for period ending December 31, 2018, which was previously marked as Exhibit 157 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

103. Attached hereto as **Exhibit 101** is a true and correct copy of Criterion Wealth Management's General Ledger for period ending December 31, 2019, which

was previously marked as Exhibit 158 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

104. Attached hereto as **Exhibit 102** is a true and correct copy of Criterion Wealth Management's General Ledger for period ending December 31, 2020, which was previously marked as Exhibit 159 during the deposition of Mr. Gravette as person most knowledgeable at Criterion.

105. Attached hereto as **Exhibit 103** is a true and correct copy of the January 30, 2015 Form D for AOFIV, which was previously marked as Exhibit 20 during the deposition of Ms. Searcy.

106. Attached hereto as **Exhibit 104** is a true and correct copy of Criterion's Answers to SEC's First Set of RFAs.

107. Attached hereto as **Exhibit 105** is a true and correct copy of MacArthur's Answers to SEC's First Set of RFAs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on November 1, 2021, in Los Angeles, California.

/s/ *Michael R. Sew Hoy*
MICHAEL R. SEW HOY

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 1, 2021, I caused to be served the document entitled **DECLARATION OF MICHAEL R. SEW HOY IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS CRITERION WEALTH MANAGEMENT INSURANCE SERVICES, INC., ROBERT ALLEN GRAVETTE and MARK ANDREW MACARTHUR** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 1, 2021

*/s/ Michael R. Sew How*
Michael R. Sew Hoy

***SEC v. Criterion Wealth Management Insurance Services, Inc., et al.***
**United States District Court for the Central District of California**
**Case No. 2:20-cv-01402-ODW-JEM**

## SERVICE LIST

Kenneth E. Yeadon, Esq.
Hinshaw & Culbertson LLP
151 North Franklin Boulevard
Suite 2500
Chicago, IL 60606
Email: kyeadon@hinshawlaw.com
***Attorney for Defendants Criterion Wealth Management Insurance Services, Inc., and Robert Allen Gravette***

Jeffrey R. Thomas, Esq.
Thomas Law LLC
3773 Cherry Creek North Drive
Suite 717
Denver, CO 80209
Email: jthomas@thomaslawllc.com
***Attorney for Defendant Mark Andrew MacArthur***