CHARLES CANTER (Cal. Bar No. 263197)
Email: canterc@sec.gov
DOHOANG T. DUONG (Cal. Bar No. 219127)
Email: duongdo@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katherine Zoladz, Associate Regional Director
Gary Y. Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CRITERION WEALTH MANAGEMENT INSURANCE SERVICES, INC.; ROBERT ALLEN GRAVETTE; and MARK ANDREW MACARTHUR<br><br>Defendants. | Case No. 2:20-cv-01402-SPG-JEM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION TO EXCLUDE EXPERT TESTIMONY OF JANE JARCHO**<br><br>Date: February 22, 2023<br>Time: 1:30 p.m.<br>Ctrm: 5C<br>Judge: Hon. Sherilyn Peace Garnett |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................ 1
II. MS. JARCHO'S OPINIONS ........................................................ 2
III. ADMISSIBILITY OF EXPERT TESTIMONY ........................................................ 3
IV. ARGUMENT ........................................................ 5
A. Ms. Jarcho's opinions are irrelevant to the remaining issues. ........................................................ 5
B. Ms. Jarcho's testimony is unreliable because it is based on misunderstandings of law and because it impermissibly invades upon the province of the Court. ........................................................ 6
1. Ms. Jarcho misapprehends the applicable law. ........................................................ 6
2. Ms. Jarcho's opinions impermissibly invade the province of the Court with her own conclusions of fact. ........................................................ 8
V. CONCLUSION ........................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*AstraZeneca v. Tap Pharm. Prods. Inc.*,
444 F. Supp. 2d 278 (D. Del. 2006) .......... 9

*Berckeley Inv. Group, Ltd. v. Colkitt*,
455 F.3d 195 (3d Cir. 2006) .......... 4

*Breitenbach v. United States*,
No. 1:16-CV-00011-NAM, 2019 WL 5727476 (N.D.N.Y. Nov. 5, 2019) .......... 6

*Daubert v. Merrell Dow Pharms., Inc.*,
43 F.3d 1311 (9th Cir. 1995) .......... 3

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) .......... 3, 5

*DePaepe v. Gen. Motors Corp.*,
141 F.3d 715 (7th Cir. 1998) .......... 4

*Gebhart v. SEC*,
595 F.3d 1034 (9th Cir. 2010) .......... 8

*Godinez v. Huerta*,
No. 16-CV-0236-BAS-NLS, 2018 WL 2018048 (S.D. Cal. May 1, 2018) .......... 6

*Highland Cap. Mgmt., L.P. v Schneider*,
379 F. Supp. 2d 461 (S.D.N.Y. 2005) .......... 3, 4, 10

*Hinkle v. LaRoche*,
2008 U.S. Dist. LEXIS 106433 (E.D. Wash. Aug. 1, 2008) .......... 11

*Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co. of Am.*,
654 F. Supp. 2d 518 (E.D. La. 2009) .......... 5

*Kremsky v. Kremsky*,
No. 16cv4474, 2017 WL 663091 (E.D. Pa. Feb. 17, 2017) .......... 9

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999 .......... 3

*Loeffel Steel Prod., Inc. v. Delta Brands, Inc.*,
387 F. Supp. 2d 794 (N.D. Ill. 2005) ........................................................ 4
*Marx & Co. v. Diners' Club, Inc.*,
550 F.2d 505 (2d Cir. 1977) ........................................................ 10
*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994) ........................................................ 3
*In re Rezulin Products Liability Litig.*,
309 F. Supp. 2d 531 (S.D.N.Y. 2004) ........................................................ 4, 9
*SEC v. Daifotis*,
No. C 11-00137 WHA, 2012 WL 2051193 (N.D. Cal. June 7, 2012) ............. 10
*SEC v. Dain Rauscher*,
254 F.3d 852 (9th Cir. 2001) ........................................................ 8
*SEC v. Johnson*,
525 F. Supp. 2d 70 (D.D.C. 2007) ........................................................ 9
*SEC v. Tourre*,
No. 10cv3229, 2013 WL 3089031 (S.D.N.Y. June 18, 2013) ......................... 10
*United States v. Christophe*,
833 F.2d 1296 (9th Cir. 1987) ........................................................ 4
*United States v. Duncan*,
42 F.3d 97 (2d Cir. 1994) ........................................................ 4
*United States v. Frazier*,
387 F.3d 1244 (11th Cir. 2004) (en banc) ........................................................ 4
*United States v. Gawltney*,
790 F.2d 1378 (9th Cir. 1986) ........................................................ 3
*United States v. Nacchio*,
555 F.3d 1234 (10th Cir. 2009) (en banc) ........................................................ 10
*Vernazza v. SEC*,
327 F.3d 851 (9th Cir. 2003) ........................................................ 8

**Federal Rules of Evidence**

Rule 702(a)..........................................................................................................3

# I. INTRODUCTION

The complaint asserts that Defendants Criterion Wealth Management Services, Incorporated ("Criterion"), Robert Allen Gravette, and Mark Andrew MacArthur (collectively, "Defendants") Defendants, acting as investment advisers, violated the Investment Advisers Act of 1940 ("Advisers Act") by failing to disclose material facts about their compensation from the sales of four private placement investments. The Court has already determined at summary judgment that Defendants violated Section 206(2) of the Advisers Act. ECF No. 81. In so ruling, the Court has determined that, as a matter of law, Defendants acted as investment advisers and failed to adequately disclose to their clients the conflicts of interest arising from Defendants' additional compensation, in breach of their fiduciary duties. The only remaining issue for trial on the SEC's claim under Section 206(1) of the Advisers Act is whether Defendants acted with scienter in failing to disclose their conflicts.

During discovery, Defendants disclosed former SEC attorney Ms. Jane Jarcho as an expert witness, and they intend to call Ms. Jarcho at trial. But the principal opinions set forth in Ms. Jarcho's Expert Report ("Jarcho Rep.") and Expert Rebuttal Report ("Jarcho Rebuttal")[1] have been contravened by the Court's summary judgment order. Moreover, as shown by the summary judgment order, those opinions misunderstand the law. And to the extent Ms. Jarcho offers any opinion relevant to the question of scienter, she impermissibly opines directly on Defendants' mental state. In short, Ms. Jarcho's opinions fail to satisfy the requirements of Federal Rule of Evidence 702, and her testimony will not assist trier of fact. The Court should, therefore, exclude Ms. Jarcho's opinions because they are irrelevant—having already been considered and rejected by the Court on summary judgment—and unreliable, and because they infringe this Court's authority to say what the law is.

[1] Ms. Jarcho's Expert Report and Rebuttal Report are Exhibits A and C, respectively, to the Declaration of Charles E. Canter filed in support of the SEC's motion.

## II. MS. JARCHO'S OPINIONS

Ms. Jarcho's Expert Report offers the following opinions:

(1) Defendants Gravette and MacArthur acted as broker-dealers, not as investment advisors Criterion. According to Ms. Jarcho, because "clients were told" in various documents that the private placements "were being sold by Ausdal or an unnamed broker-dealer" and because Defendants' additional compensation "was a commission," "it is clear that Defendants acted in their capacity of a broker dealer and not an investment adviser and therefore could not have violated the Investment Advisers Act." Jarcho Rep. ¶¶ 11, 25-27, 28, 31.

(2) Although "there is no basis to conclude"—according to Ms. Jarcho—that Defendants acted as investment advisers, "if the Court decides that Defendants were in fact" investment advisers, then Ms. Jarcho concludes that they "satisfied their fiduciary duty to clients." Jarcho Rep. ¶ 32. In reaching this opinion, Ms. Jarcho asserts that Defendants' compensation "was disclosed" by the private placement memoranda disclosures that Ausdal would receive compensation and by Criterion's Forms ADV that "individuals associated with Criterion were also associated with Ausdal and might execute private investment transactions for Criterion clients in their Ausdal capacity." *Id.* ¶ 38. Ms. Jarcho also states that "the SEC has not proved that Defendants' clients were disadvantaged." *Id.* p. 17; *see also* ¶ 34.

(3) Though not stated as standalone opinions based on any special expertise or application of any methodology, Ms. Jarcho also opines on Defendants' subjective state of mind: "Defendants did not try to hide" their role as broker-dealers, Jarcho Rep. ¶ 11, and "Defendants believed" that their additional compensation arrangements from the private placement investments "aligned their interests with their clients," *Id.* ¶ 34.

(4) Finally, in her Rebuttal Report to the SEC's expert witness, Dr. Sunil Wahal, Ms. Jarcho takes issue with Dr. Wahal's opinions that Defendants' conduct

was inconsistent with industry customs and practices.[2] According to Ms. Jarcho, "[i]ndustry custom and practice has never been the standard for disclosure." Jarcho Rebuttal at ¶ 2.

## III. ADMISSIBILITY OF EXPERT TESTIMONY

To protect the fact-finder from irrelevant or unreliable expert testimony, the Federal Rules of Evidence impose on district courts a special gatekeeping function. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590-91 (1993) ("*Daubert I*"). A district court must only admit expert testimony that "help[s] the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702(a). Consequently, the court must ensure that admitted expert testimony is "not only relevant, but reliable." *Daubert I*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

An expert's testimony is relevant when it "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II*"). Ultimately, the relevancy of expert opinions hinges on whether the testimony can offer "appreciable help" to the jury in understanding the evidence. *United States v. Gawltney*, 790 F.2d 1378, 1381 (9th Cir. 1986).

An expert's testimony must also be reliable. For nonscientific testimony of the kind proffered by Ms. Jarcho, an expert must still base her opinions on reliable "methods and procedures" and not "subjective belief or unsupported speculation." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717 (3d Cir. 1994) (citing *Daubert I*, 509 U.S. at 590).

Expert testimony that invades upon the province of the court is both unreliable and impermissible. *See Highland Cap. Mgmt., L.P. v Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005); *United States v. Frazier*, 387 F.3d 1244, 1262-63 (11th

[2] Dr. Wahal's Expert Report is Exhibit B to the Declaration of Charles E. Canter.

Cir. 2004) (en banc). Thus, expert testimony that opines on the law or that merely tells the fact-finder what to conclude is inadmissible. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("[expert testimony] "is prohibited [when] it would usurp the District Court's pivotal role in explaining the law to the jury"); *see Highland Capital*, 379 F. Supp. 2d at 469 (holding that an expert witness may not "supplant the role of counsel in making argument at trial, and the role of the jury [in] interpreting the evidence"); *see also United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (requiring exclusion of expert testimony that "attempts to substitute the expert's judgment for the jury's"). Likewise, expert testimony that opines on the state of mind of defendants is also inadmissible. *In re Rezulin Products Liability Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004); *see also DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) (holding that a district court erred by permitting expert testimony speaking to the defendant's intent or motive).

Furthermore, the Court must exclude expert testimony that merely recites facts of the record. *See Highland Capital*, 379 F. Supp. 2d at 469 (rejecting expert testimony offered "solely for the purpose of constructing a factual narrative based upon record evidence"); *Rezulin*, 309 F. Supp. at 547 (excluding expert testimony that merely repeated facts of the record or endorsed other opinions). Similarly, expert testimony offering information ascertainable through examination of fact witnesses or as arguments presented to the jury are also inadmissible. *See United States v. Christophe*, 833 F.2d 1296, 1299 (9th Cir. 1987); *Frazier*, 387 F.3d at 1262-63 ("expert testimony will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments").

Finally, an expert opinion is inadmissible if based on an incorrect understanding of the law. *Loeffel Steel Prod., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D. Ill. 2005) (excluding an expert's testimony as unreliable because his definition of "economic loss" conflicted with that of state law); *see Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co. of Am.*, 654 F. Supp. 2d 518, 523 (E.D.

La. 2009) (excluding an expert's testimony for being "inextricably intertwined with legal conclusions…and legally incorrect assertions").

## IV. ARGUMENT

Ms. Jarcho's proffered testimony is neither relevant nor reliable. It is not relevant because her opinions have no bearing on the issues that remain for trial. The Court has already determined that Defendants acted as investment advisers and that they breached their fiduciary duties by failing to adequately disclose their conflicts of interest arising from their additional compensation from the private placement investments. Moreover, Ms. Jarcho offers no opinions related to the SEC's claim under Section 206(4) and Rule 206(4)-7 or the claim under Section 207.

Her testimony is not reliable for several reasons. First, the Court's summary judgment order demonstrates as much: Ms. Jarcho is simply wrong on the law and facts. Second, to the extent Ms. Jarcho offers any opinions that may be construed as relevant to the issue of scienter, Ms. Jarcho again misunderstands the law as it relates to the scienter inquiry. Instead, Ms. Jarcho purports to opine (or speculate) directly upon Defendants' mental state. In fact, throughout her Expert Report and Rebuttal Report, Ms. Jarcho repeatedly invades upon the province of the Court and jury with improper conclusions of law.

### A. Ms. Jarcho's opinions are irrelevant to the remaining issues.

The Court has already determined that Defendants violated Section 206(2) of the Advisers Act. ECF No. 81. In doing so, the Court has already rejected the bulk of Ms. Jarcho's proffered testimony. First, the Court determined, contrary to Ms. Jarcho's opinion, that Defendants Gravette and MacArthur acted as investment advisers. *Id.* at 19-22. Second, the Court determined, again contrary to Ms. Jarcho's opinion, that Defendants violated their fiduciary duties by failing to fully disclose their conflicts of interests. *Id.* at 24-31. Having made these determinations, as a matter of law, Ms. Jarcho's testimony on these issues is irrelevant and not helpful to the trier of fact. *See Daubert I*, 509 U.S. at 591 ("[e]xpert testimony which does not

relate to any issue in the case is not relevant and, ergo, non-helpful"); *see also* *Breitenbach v. United States*, No. 1:16-CV-00011-NAM, 2019 WL 5727476, at *4 (N.D.N.Y. Nov. 5, 2019) (granting motion to preclude expert testimony "related to issues previously decided on summary judgment") *Godinez v. Huerta*, No. 16-CV-0236-BAS-NLS, 2018 WL 2018048, at *7 (S.D. Cal. May 1, 2018) (concluding that expert testimony was not relevant because claim corresponding to opinion was dismissed at summary judgment).

Ms. Jarcho's Expert Report and Rebuttal Report set forth opinions only as to issues potentially—but no longer—relevant to the SEC's claims under Section 206(1) and Section 206(2). Ms. Jarcho offers no opinions that bear on the SEC's other claims. *See* ECF No. 81 at 35-37 (discussing SEC's Section 206(4) and Rule 206(4)-7 claim); *see generally* Complaint ¶¶ 134-51, ECF No. 1. Because Ms. Jarcho's opinions are not relevant to the issues remaining for trial, her testimony should be excluded.

**B. Ms. Jarcho's testimony is unreliable because it is based on misunderstandings of law and because it impermissibly invades upon the province of the Court.**

**1. Ms. Jarcho misapprehends the applicable law.**

The Court's summary judgment order not only renders Ms. Jarcho's testimony irrelevant, it also demonstrates the legal errors underlying her opinions. The only legal authority Ms. Jarcho cites in her Expert Report is 2019 guidance issued by the SEC with the promulgation of Regulation Best Interest. Jarcho Rep. ¶¶ 24, 26. In her deposition, Ms. Jarcho stated that, in her opinion, the guidance was "sort of the definitive SEC statement on adviser behavior and on broker-dealer conduct." Jarcho Dep. Tr. 43:13-14.[3] Ms. Jarcho also testified that she did not analyze the definition of "investment adviser" set forth in the Advisers Act, 15 U.S.C. § 80b-2(a)(11), because,

[3] Excerpts of the transcript of Ms. Jarcho's deposition in this case are Exhibit D to the Declaration of Charles E. Canter.

in her opinion, "the definition was not important." Jarcho Dep. Tr. 46:19-20. According to Ms. Jarcho, the Advisers Act definition is not used to determine whether a dually registered investment adviser and broker-dealer is acting as an investment adviser when evaluating liability under the Adviser Act, but is instead used "when someone has avoided registering as an investment adviser." *Id.* at 47:6-48:17. Finally, Ms. Jarcho testified that when a dually registered investment adviser acts as a broker-dealer for an advisory client, "they do not have the obligations of an investment adviser." *Id.* at 50:1-13.

The Court's order belies Ms. Jarcho's understanding of the duties of an investment adviser who also acts, in certain transactions, as a broker-dealer. The Court rejected Defendants' argument that "the fact that Gravette and MacArthur were also acting as broker-dealers . . . somehow means that they were not acting as investment advisers." ECF No. 81 at 19. Instead, the Court relied on the statutory definition of an investment adviser to conclude that Gravette and MacArthur acted as investment advisers in discussing with their clients whether to invest in the private placements. *Id.* at 20. Further, the Court correctly recognized that their role as investment advisers did not cease just because Gravette and MacArthur also stepped into their roles as broker-dealers to effect the recommended transactions. *Id.*

The Court also considered the SEC's guidance relied upon by Ms. Jarcho. Quoting the guidance at length, the Court concluded that "[t]he guidance does not, as Defendants suggest, indicate that a person cannot act as both an investment adviser and a broker-dealer at the same time." ECF No. 81 at 22. Indeed, the Court recognized, in direct contradiction of Ms. Jarcho's understanding, that "nothing about the SEC's guidance or anything in case law suggests that an individual cannot act in both these capacities at various times within the context of a given client relationship." *Id.*

Ms. Jarcho's response to Dr. Wahal's expert report is also based on a misunderstanding of law. Dr. Wahal compared Defendants' disclosures, as well as

Criterion's policies and procedures, with industry customs and practices for investment advisers. *See, e.g.*, Wahal Rep. ¶¶ 14-26, 62-67, 106-07. Dr. Wahal opined that Defendants' disclosures and Criterion's policies and procedures were inconsistent with industry customs and practices. *See* id. ¶ 12. Ms. Jarcho objects to Dr. Wahal's reference to industry customs and practice, contending that "[i]ndustry custom and practice has never been the standard for disclosure." Jarcho Rebuttal ¶ 2. That is not the law. "[I]ndustry practice is relevant to show the standard of care necessary to a recklessness inquiry" in considering whether a defendant acted with scienter. *See Vernazza v. SEC*, 327 F.3d 851, 861 (9th Cir. 2003) (citing *SEC v. Dain Rauscher*, 254 F.3d 852, 856-57 (9th Cir. 2001)).

In no less than four separate ways, Ms. Jarcho's opinions are wrong on the law—the Court disagreed with her premise that Defendants' investment adviser fiduciary duties evaporate whenever they act as a broker-dealer, the Court rejected her assumption that the statutory definition of an "investment adviser" has no bearing on the breadth of Defendants' duties to their clients, the Court disagreed with Ms. Jarcho's reading of the 2019 fiduciary guidance, and Ms. Jarcho's pronouncement that industry practice does not matter is belied by controlling precedent. In light of the multiple misunderstandings of the applicable law underlying her opinions, Ms. Jarcho's testimony should be excluded.

**2. Ms. Jarcho's opinions impermissibly invade the province of the Court with her own conclusions of fact.**

The only remaining issue for trial on the SEC's Section 206(1) claim is whether Defendants acted with scienter. In denying the SEC's motion for summary judgment on that claim, the Court noted that "Scienter . . . is a subjective inquiry[, which] turns on the defendant's actual state of mind." ECF No. 81 at 32 (quoting *Gebhart v. SEC*, 595 F.3d 1034, 1042 (9th Cir. 2010)). As such, the question of Defendants' mental state with respect to their failure to disclose their conflicts of

interest is a quintessential fact question for the jury. *Id.*

Ms. Jarcho, however, asserts that the "Defendants did not try to hide" their alleged role as representatives of a broker-dealer, adding that the "Defendants ***believed*** that [their compensation arrangements] aligned their interests with their clients. Jarcho Rep ¶¶ 11, 34, 38 (emphasis added). In doing so, Ms. Jarcho is opining on the Defendants' state of mind. But "[a]n expert witness cannot speak to the subjective belief of a [party] . . ." because "[s]uch testimony amounts to little more than [a] 'subjective belief or unsupported speculation.'" *Kremsky v. Kremsky*, No. 16cv4474, 2017 WL 663091, at *4 (E.D. Pa. Feb. 17, 2017) (internal quotations and citation omitted); *see also SEC v. Johnson*, 525 F. Supp. 2d 70, 78 (D.D.C. 2007) ("Determinations of individuals' intent is quintessential jury question."); *AstraZeneca v. Tap Pharm. Prods. Inc.*, 444 F. Supp. 2d 278, 293 (D. Del. 2006) (expert witnesses not permitted to testify about defendant's intent, motive, or state of mind, or evidence by which such state of mind may be inferred); *Rezulin*, 309 F. Supp. 2d at 547 ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony.").

Ms. Jarcho's opinion that the Defendants did not try to "hide" their status as broker-dealer representatives speculates about whether the Defendants subjectively believed their status disclosures were adequate. Equally speculative, Ms. Jarcho's opinion about the Defendants' belief regarding their compensation arrangement is baseless and well outside her purview as an expert in securities regulation compliance. In fact, regarding Defendants' asserted belief that their compensation arrangements were in their clients best interest, Ms. Jarcho testified, "I do not know how they got to that decision and that impression, but . . . I have been told that that's . . . why they did it that way. I don't know if they did a formal analysis. I don't know if they did a back of the napkin analysis, I don't know if they hired—I just don't know. Jarcho Dep. Tr. 125:5-12. In other words, Ms. Jarcho "has no personal knowledge of what really occurred and should never be allowed to pretend to divine

for the jury the truth of what actually occurred or what the mental state of an actor was." *SEC v. Daifotis*, No. C 11-00137 WHA, 2012 WL 2051193, at *2 (N.D. Cal. June 7, 2012). Therefore, this Court should exclude Jarcho's testimony as impermissible opinions on Defendants' mental state.

Finally, though rendered irrelevant by the Court's summary judgment order, Ms. Jarcho improperly concludes that the Defendants did not breach their fiduciary duties as investment advisers. Ms. Jarcho provides little information beyond what is already in the record. Aside from her assertion that disclosure can be satisfied by multiple documents and third parties, *Id.* ¶¶ 26, 37; Jarcho Rebuttal ¶ 3, Ms. Jarcho does not describe the fiduciary duties of investment advisers, specify the measures such advisers typically take in adhering to those duties, nor does she provide any independent examples of proper or improper fiduciary conduct. Without this information, Ms. Jarcho provides nothing to assist the trier of fact. Instead, her testimony merely construes a portion of the evidence and concludes in favor of the Defendants. Drawing such a conclusion, however, is the duty of the fact-finder—not the expert witness. *Highland Capital*, 379 F. Supp. 2d at 469.

Moreover, Ms. Jarcho must have applied reliable "methods and procedures" in developing her opinions for them to be admissible. *Paoli*, 35 F.3d at 742. She did not. Beyond reciting the contents of various documents, Jarcho does nothing to illuminate her conclusion, provides no parallels to the investment advisement industry's norms and practices, and does not specifically explain how she has applied her experience in developing her opinion. Ms. Jarcho "cannot be a conduit for a factual narrative," *SEC v. Tourre*, No. 10cv3229, 2013 WL 3089031, at *10 (S.D.N.Y. June 18, 2013), and "[t]The trial court's gate keeping function requires more than simply 'taking the expert's word for it.'" *United States v. Nacchio*, 555 F.3d 1234, 1258 (10th Cir. 2009) (en banc); *see also Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 510 (2d Cir. 1977) ("examination of documents and

correspondence … which were equally before the judge and jury" is improper subject of expert testimony); *Hinkle v. LaRoche*, 2008 U.S. Dist. LEXIS 106433, *8 (E.D. Wash. Aug. 1, 2008) ("Jurors are perfectly capable of drawing whatever inferences they believe are warranted from the evidence presented to them and not need expert testimony to assist them in that regard."). Without any discernable grounds for her opinions, Jarcho's testimony is not the product of a reliable methodology, and must be excluded.

## V. CONCLUSION

For all these reasons, the Court should exclude Ms. Jarcho's testimony in its entirety.

Dated: January 25, 2023

Respectfully submitted,

*/s/ Charles E. Canter*

CHARLES CANTER
DOHOANG T. DUONG
Attorneys for Plaintiff
Securities and Exchange Commission

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On January 25, 2023, I caused to be served the document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION TO EXCLUDE EXPERT TESTIMONY OF JANE JARCHO** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 25, 2023

*/s/ Charles E. Canter*
Charles E. Canter

***SEC v. Criterion Wealth Management Insurance Services, Inc., et al.***
**United States District Court for the Central District of California**
**Case No. 2:20-cv-01402-ODW-JEM**

**SERVICE LIST**

Kenneth E. Yeadon, Esq.
Hinshaw & Culbertson LLP
151 N. Franklin Blvd., Ste. 2500
Chicago, IL 60606
Email: kyeadon@hinshawlaw.com
***Attorney for Defendants Criterion Wealth Management Insurance Services, Inc., and Robert Allen Gravette***

Jeffrey R. Thomas, Esq.
Thomas Law LLC
3773 Cherry Creek North Dr., Ste. 717
Denver, CO 80209
Email: jthomas@thomaslawllc.com
***Attorney for Defendant Mark Andrew MacArthur***