Jeffrey R. Thomas, Cal. Bar No. 179327
Email: jthomas@thomaslawllc.com
Attorney for Defendant Mark A. MacArthur
Thomas Law LLC
3801 E Florida Ave, Ste. 107
Denver, Colorado 80210
Telephone: 720.330.2805

Kenneth E. Yeadon, Ill. Bar No. 6273281
Email: kyeadon@hinshawlaw.com
Attorney for Defendants Criterion Wealth Management Insurance Services, Inc. and Robert Allen Gravette
Hinshaw & Culbertson, LLP
151 N. Franklin Blvd., Ste. 2500
Chicago, Illinois 60606
Telephone: (312) 704-3524
Facsimile: (312) 704-3000

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CRITERION WEALTH MANAGEMENT INSURANCE SERVICES, INC., et al.<br><br>Defendants. | **Case No. 2:20-cv-01402-SPG-JEM**<br><br>**DEFENDANTS' JOINT OPPOSITION TO SEC'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JANE JARCHO**<br><br>Date: March 15, 2023<br>Time: 1:30 p.m.<br>Ctrm: 5C<br>Judge: Hon. Sherilyn Peace Garnett<br><br>Pre-Trial Conf. Date: 4/26/2023<br>Trial Date: 5/16/2023 |

Defendants Criterion Wealth Management Insurance Services, Inc., Robert A. Gravette, and Mark A. MacArthur (collectively, "Defendants") submit the following Joint Opposition to SEC's Motion to Exclude Expert Testimony of Jane Jarcho.

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................ 1

II. LEGAL STANDARD .................................................................. 2

III. ARGUMENT ........................................................................... 3

A. Ms. Jarcho's Proposed Expert Testimony Is Directly Relevant to the Issues Remaining in this Case. ........................................... 3

1. The Proposed Testimony Is Relevant to Defendants' Good Faith Belief That They Were Acting Solely as Broker-Dealers. 5

2. The Proposed Testimony Is Relevant to the Extent to Which the Disclosures Departed from the Applicable Standard. ................. 5

B. Ms. Jarcho's Proposed Expert Testimony Is Reliable. ......................... 7

1. The SEC's Claim that Ms. Jarcho's Proposed Testimony Is Unreliable Because It "Misapprehends Applicable Law" Is Meritless. ........................................................................ 7

2. The SEC's Claim that Ms. Jarcho's Opinions Are Unreliable Because They "Invade the Province of the Court" Is Meritless. ........................................................................ 11

IV. CONCLUSION ........................................................................ 12

# TABLE OF AUTHORITIES


Page(s)

**Cases**

*In re Apple Computer Sec. Litig.*, 886 F.2d 1109 (9th Cir. 1989) .......... 4

*Claudia Morales, et al. v. Kraft Foods Group, Inc., et al.*, No. CV-14-04287-JAK, 2017 WL 2598556 (C.D. Cal. June 9, 2017) .......... 3

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) .......... 2

*Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311 (9th Cir. 1995) .......... 3

*In re Entropin, Inc. Sec. Litig.*, 487 F. Supp. 2d 1141 (C.D. Cal. 2007) .......... 4

*Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976) .......... 3, 4

*Gebhart v. SEC*, 595 F.3d 1034 (9th Cir. 2010) .......... 4

*Graham v. SEC*, 222 F.3d 994 (D.C. Cir. 2000) .......... 4

*Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564 (9th Cir. 1990) .......... 4

*Kaplan v. Rose*, 49 F.3d 1363 (9th Cir. 1994) .......... 4

*Kennedy v. Collagen Corp.*, 161 F.3d 1226 (9th Cir. 1998) .......... 3

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) .......... 2

*Ponce v. SEC*,
345 F.3d 722 (9th Cir. 2003) ....................................................................4

*SEC v. Daifotis*,
2012 WL 205119 (N.D. Cal. 2012) ..........................................................11, 12

*SEC v. Dain Rauscher, Inc.*,
254 F.3d 852 (9th Cir. 2001) ..........................................................6, 10, 11, 12

*In re Silicon Graphics, Inc. Sec. Litigation*,
183 F.3d 970 (9th Cir.1999) ....................................................................3

*Vernazza v. SEC*,
327 F.3d 851 (9th Cir. 2003), *amended*, 335 F.3d 1096 (9th Cir. 2003) ..........................................................6, 10, 12

*In re Worlds of Wonder Sec. Litig.*,
35 F.3d 1407 (9th Cir. 1994) ....................................................................4

**Statutes**

Advisers Act....................................................................................8

Advisers Act Section 206....................................................................8

Investment Advisers Act of 1940 Section 206(1)..................................3, 5

**Other Authorities**

Fed. R. Evid. 702 ....................................................................................1

Fed. R. Evid. 702(a)................................................................................2

SEC's Claim that Ms. Jarcho's Opinions Are Unreliable Because They "Invade the Province of the Court" .............................................11

# I. INTRODUCTION

Defendants' designated expert, Jane Jarcho, was the Deputy Director of the SEC's Division of Examinations (formerly OCIE) from 2016 to 2019. In that role, Ms. Jarcho led the Investment Adviser/Investment Company examination program and oversaw the Division's other program areas, including Broker-Dealer and Exchange, FINRA and Securities Industry Oversight, and Clearance and Settlement. Prior to and concurrent with her role as Deputy Director of the Division of Examinations, Ms. Jarcho was the National Associate Director of the SEC's Investment Adviser/Investment Company examination program. In that role, Ms. Jarcho had responsibilities for the Investment Adviser/Investment Company examination program for the entire country and supervised approximately 10,000 examinations of investment advisers and investment companies. Prior to that, Ms. Jarcho supervised the Investment Adviser/Investment Company examination program for the SEC's Chicago Regional Office. In that role, Ms. Jarcho supervised over 750 examinations of investment advisers and investment companies. *See* Exhibit A (Expert Report of Jane Jarcho).

At trial, Ms. Jarcho will testify, based on her experience as Deputy Director of the SEC's Division of Examinations and other leadership positions within the SEC, (a) that a dual-registrant's duty is determined by the capacity in which the dual-registrant is acting; (b) that Gravette and MacArthur acted as registered representatives of a broker dealer, and *not* as investment adviser representatives, with respect to the recommendations at issue; and (c) as to the adequacy of Defendants' conflict disclosures. *See id.*

Ms. Jarcho's proposed testimony is admissible under Fed. R. Evid. 702 as it is both relevant and reliable. It is relevant because (1) it is directly probative of the reasonableness of Gravette's and MacArthur's belief that they were acting solely as broker-dealers, and therefore were not acting as fiduciaries, when

recommending the private placement investments at issue; and (2) the *extent* to which Defendants' conflict disclosures departed from the applicable legal standard is itself relevant to whether Defendants acted with scienter. Notably, the SEC's statement that Ms. Jarcho's opinions have "already been considered and rejected by the Court on summary judgment" is false. The Court has *not* considered Ms. Jarcho's opinions, on summary judgment or elsewhere.

Ms. Jarcho's proposed testimony is reliable because it is based on her unique and undeniable expertise, based on years of leading the SEC's Investment Adviser examination program and supervising thousands of examinations of investment advisers, in the areas of investment adviser duties and disclosure obligations. Rather than challenging any of Ms. Jarcho's principles or methods, or the application of those principles or methods to the facts of this case, the SEC's argument with respect to reliability rests almost exclusively on the fact that the Court, without ever considering Ms. Jarcho's opinions, disagreed with those opinions. That is wholly insufficient to exclude Ms. Jarcho's testimony on reliability grounds.

## II. LEGAL STANDARD

Faced with a proffer of expert testimony, a district court must determine whether the expert is proposing to testify to (1) specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically, technically, or specially valid, and of whether that reasoning or methodology properly can be applied to the facts at issue. *Id.* In other words, all admitted expert testimony must be both *relevant* and *reliable*. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *see* Fed. R. Evid. 702(a) - (d) (requiring that expert testimony "help the trier of fact to understand the evidence or determine a fact in issue," be "based on sufficient facts or data," be

"the product of reliable principles and methods," and be the result of the expert's reliable application of "the principles and methods to the facts or data").

An expert's testimony is relevant when the testimony is "relevant to the task at hand, … *i.e.,* that it logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (quoting *Daubert*, 509 U.S. at 597). Relevancy requires opinions that would assist the trier of fact in reaching a conclusion necessary to the case. *See Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230 (9th Cir. 1998).

In determining the reliability of a proffered expert, courts "scrutinize not only the principles and methods used by the expert, but also whether those principles and methods have been properly applied to the facts of the case." *Claudia Morales, et al. v. Kraft Foods Group, Inc., et al.*, No. CV-14-04287-JAK (PJWx), 2017 WL 2598556, at *10 (C.D. Cal. June 9, 2017) (quoting Fed. R. Evid. 702 Advisory Committee's Note (2000 Amendment)).

## III. ARGUMENT

### A. Ms. Jarcho's Proposed Expert Testimony Is Directly Relevant to the Issues Remaining in this Case.

In light of the Court's April 25, 2022 Order (the "Order") (Doc # 81), the remaining issues in this case include the following: (a) whether Defendants acted with *scienter* in failing to adequately disclose conflicts of interest, as required for the SEC to prevail on its first claim for violation of Section 206(1) of the Investment Advisers Act of 1940 ("Advisers Act"); and (2) whether Gravette and MacArthur *aided and abetted* Criterion's alleged securities law violations, as required for the SEC to prevail on its fifth and sixth claims for aiding and abetting liability.

To establish that Defendants acted with *scienter*, the SEC must show that they acted with "a mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n. 12 (1976); *In re*

*Silicon Graphics, Inc. Sec. Litigation*, 183 F.3d 970, 975 (9th Cir. 1999); *see also In re Entropin, Inc. Sec. Litig.*, 487 F. Supp. 2d 1141, 1147 (C.D. Cal. 2007) (scienter is "a wrongful state of mind"). "Good faith" precludes a finding of scienter. *See Ernst & Ernst*, 425 U.S. at 206 ("[t]here is no indication that Congress intended anyone to be made liable for such practices unless he acted other than in good faith"); *Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1570 (9th Cir. 1990) (scienter requires "something more egregious than even 'white heart/empty head' good faith"); *Kaplan v. Rose*, 49 F.3d 1363, 1379–81 (9th Cir. 1994) (applying good faith standard); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1425 (9th Cir. 1994) (same); *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1117–18 (9th Cir. 1989) (same); *Gebhart v. SEC*, 595 F.3d 1034, 1042 (9th Cir. 2010) (compiling cases); *see also* Order at p. 34 ("[t]o determine whether or not Gravette and MacArthur were *acting in good faith* would require the Court to weigh evidence and make credibility determinations, which it is not permitted to do on summary judgment") (citing *In re Entropin, Inc. Sec. Litig.*, 487 F. Supp. 2d at 1148) (emphasis added).

To establish liability for *aiding and abetting*, the SEC must prove: (1) a primary violation of the relevant securities laws; (2) that Defendants had knowledge of the primary violation and their own role in furthering it; and (3) that Defendants provided substantial assistance in the primary violation. *Ponce v. SEC*, 345 F.3d 722, 737 (9th Cir. 2003) (citing *SEC v. Fehn*, 97 F.3d 1276, 1288 (9th Cir. 1996)); *see also Graham v. SEC*, 222 F.3d 994, 1000 (D.C. Cir. 2000) (elements of aiding and abetting liability are "(1) that a principal committed a primary violation; (2) that the aider and abettor provided substantial assistance to the primary violator; and (3) that the aider and abettor had the necessary 'scienter'....").

Ms. Jarcho's proposed testimony is relevant to both *scienter* and *aiding and abetting* liability, for at least two reasons. First, Gravette and MacArthur believed they were acting solely as broker-dealers, and therefore were not acting as

fiduciaries, when recommending the private placement investments. Ms. Jarcho's proposed testimony is directly relevant to the reasonableness of that belief and, in turn, whether Gravette and MacArthur acted in good faith. Second, as made clear in the Order, the extent to which Defendants' conflict disclosures departed from the applicable legal standard (as to which Ms. Jarcho has undeniable expertise) is itself relevant to whether Defendants acted with scienter.

**1. The Proposed Testimony Is Relevant to Defendants' Good Faith Belief That They Were Acting Solely as Broker-Dealers.**

Gravette and MacArthur will testify that they believed they were acting solely as broker-dealers, and therefore were not acting as fiduciaries, when recommending the private placement investments. *See, e.g.,* Doc # 64 at ¶ 47; Doc # 66 at ¶ 25. Ms. Jarcho will testify that (1) in her experience as Deputy Director of the SEC's Division of Examinations and other leadership roles within the SEC, a dual-registrant's duty is determined by the capacity in which the dual-registrant is acting; and (2) based on the applicable facts, Gravette and MacArthur were acting as registered representatives of a broker dealer, and *not* as investment adviser representatives, with respect to the recommendations at issue. Ms. Jarcho's testimony is directly relevant to the reasonableness of Gravette's and MacArthur's belief that they were not subject to a fiduciary duty when recommending the investments at issue and, consequently, whether they acted in good faith. If Gravette and MacArthur acted in good faith, then they did not have the requisite state of mind for liability under Advisers Act Section 206(1) or for aiding and abetting liability.

**2. The Proposed Testimony Is Relevant to the *Extent* to Which the Disclosures Departed from the Applicable Standard.**

While the Court in the Order found that Defendants' conflict disclosures did not meet the applicable legal standard, the *extent* to which those disclosures departed from that standard remains relevant in determining whether Defendants

acted with scienter. *See Vernazza v. SEC*, 327 F.3d 851, 862 (9th Cir. 2003), *amended*, 335 F.3d 1096 (9th Cir. 2003) ("expert testimony might also be relevant to determine whether the adviser's conduct is so far outside the range of reasonable conduct so as to be considered reckless"); *SEC v. Dain Rauscher, Inc.*, 254 F.3d 852, 859 (9th Cir. 2001) ("[t]here is also an issue whether any departure by him from the applicable standard was so extreme as to satisfy the element of scienter under the securities antifraud statutes and regulations").

The Court, in fact, acknowledged this in the Order. In addressing the issue of scienter, the Court stated: "Here, Criterion did make some attempt to inform its clients of the potential for conflicts of interest." Order at p. 33. The Court went on to discuss various statements in Criterion's Forms ADV, including the following:

- "management and associated persons of [the] firm are separately licensed as registered representatives of Ausdal Financial Partners, Inc., a FINRA member broker-dealer;"
- dual licensees such as Gravette and MacArthur were "able to implement investment recommendations for advisory clients for separate and typical compensation (i.e., commissions, 12-b1 fees or other sales-related forms of compensation);"
- "[w]hen appropriate and suitable, our adviser representatives may recommend certain Alternative Asset investments (*i.e.* private securities) to [Criterion] client[s] in which the associated person may receive separate and typical compensation (*i.e.* commissions) when acting in their separate capacities as a registered representative of Ausdal;"
- when Ausdal acted as the broker-dealer for private placement transactions of Criterion's clients, the arrangement "create[d] a conflict of interest between [Criterion] and its clients;" and

- the arrangement "presents a conflict of interest to the extent that these individuals recommend that a client invest in a security which results in a commission being paid to the individuals."

*Id.* The Court also discussed Gravette's and MacArthur's declarations submitted in support of their Motions for Partial Summary Judgment, stating that those declarations "further indicate that they made oral disclosures to their investor clients related to the conflicts." *Id.* at p. 34. The Court concluded:

> Defendants did not altogether fail to disclose conflicts of interest. Instead, they disclosed the conflicts to a certain degree through some combination of oral disclosures, Form ADVs, the Criterion investment adviser contract, and the private placement memoranda, and the record reflects that Defendants believed that their disclosures were legally sufficient.
>
> …
>
> The Court cannot conclude that Defendants' failures to disclose were so egregious, extensive, or pervasive that a finding of scienter is required as a matter of law.

*Id.*

**B. Ms. Jarcho's Proposed Expert Testimony Is Reliable.**

**1. The SEC's Claim that Ms. Jarcho's Proposed Testimony Is Unreliable Because It "Misapprehends Applicable Law" Is Meritless.**

The SEC claims that Ms. Jarcho's proposed testimony is unreliable because Ms. Jarcho "misapprehends the applicable law." In support of that claim, the SEC argues that (1) in the Order the Court found that Gravette and MacArthur acted as investment advisers with respect to the recommendations at issue; and (2) Ms. Jarcho, in her rebuttal report, disagreed with the SEC's proposed expert's "industry customs and practices" standard. Both those arguments are meritless. In fact, it is

the SEC who misapprehends the applicable law relating to the "reliability" requirement.

***a. The Order Does Not Render Ms. Jarcho's Proposed Testimony Unreliable.***

*Applicable Law*. The law applicable to dual-registrants includes the following:

- An "investment adviser" is "any person who, *for compensation*, engages in the business of advising others ... as to the value of securities or as to the advisability of investing in, purchasing, or selling securities." Order at p. 18 (citing Advisers Act Section 2(a)(11)) (emphasis added); *see also id.* ("defendants were investment advisers when they 'received compensation for providing investment advice'") (citing *United States v. Elliott*, 62 F.3d 1304, 1311 (11th Cir. 1995), *amended*, 82 F.3d 989 (11th Cir. 1996)).
- To establish a violation of Section 206 of the Advisers Act, "the SEC must demonstrate that Defendants *were acting in their capacities* as investment advisors." Order at p. 18 (emphasis added); *see also* SEC Release No. 34-86031 at 34-35 ("a dual-registrant is an investment adviser *solely* with respect to accounts for which a dual-registrant provides advice *and* receives compensation that subjects it to the Advisers Act") (emphasis added); *id.* at 99 ("[w]here a financial professional who is dually registered is making an account recommendation to a retail customer, whether Regulation Best Interest [applicable to broker-dealers] *or* the Advisers Act will apply will depend on the capacity in which the financial professional making the recommendation is acting") (emphasis added); SEC Release No. IA-5248 at 22, fn. 56 (same).
- The focus of the inquiry must be on *the recommendation* (as opposed to any *post-transaction* monitoring or other services): "The question is whether, regardless of when and to what extent [the Defendants] acted as broker-

dealers, they were *also* acting as investment advisers *when they recommended to a Criterion/Ausdal client that the client invest in a particular private placement offering*." Order at pp. 19-20 (emphasis in original).

- Defendants acted as brokers under SEC Release No. 34-86031 when recommending the investments: "Broker-dealers typically provide transaction-specific recommendations and receive compensation on a transaction-by-transaction bases (such as commissions) …. No one argues that [Defendants] were not broker-dealers when they brokered their clients' private placement transactions." Order at pp. 18-19.

*Relevant Facts*. The facts establishing that Defendants did not receive advisory compensation for, and therefore were not acting in their capacities as investment advisers when making, the recommendations include the following:

- The clients' interests in the Funds were excluded from Criterion's standard higher investment management fee. *See* Doc # 61-1 at p. 16 (SEC Resp. to UF 23) ("Undisputed that the Interests were excluded from Criterion's higher fee schedule"); Doc # 61-2 at p. 10 (SEC Resp. to UF 23) (same).
- The lower Alternative Investment Consulting Fee ("AIF") – the only advisory fee Criterion charged relating to the Funds – was for *post-transaction* monitoring and other services. *See* Doc # 71-1 at p. 17 (SEC Resp. to UF 300) ("undisputed [that] [t]he AIF was … for post-transaction monitoring and other services"); Doc # 71-2 at p. 20 (SEC Resp. to UF 288) (same).

*Ms. Jarcho's Proposed Testimony*. Consistent with the foregoing law and facts, Ms. Jarcho will testify, among other things, that *based on her experience* as a Senior Officer in the SEC's Division of Examinations, (1) a dual-registrant's duty is determined by the capacity in which the dual-registrant is acting, and (2) Gravette and MacArthur were acting as registered representatives of a broker dealer, and not as investment adviser representatives, with respect to the recommendations at issue. The SEC has not challenged *any* of that methodology. It has not offered *any*

challenge (nor could it) to Ms. Jarcho's *qualifications* to render expert opinions regarding investment adviser and broker-dealer duties and disclosure obligations. Nor has it offered any challenge (again, nor could it), to Ms. Jarcho's *actual experiences* as a Senior Officer in the SEC's Division of Examinations. Instead, the SEC challenges Ms. Jarcho's proposed expert testimony on the ground that the Court, without ever considering Ms. Jarcho's opinions, disagreed with her conclusions. That challenge is wholly inadequate to establish that Ms. Jarcho's proposed expert testimony is not "the product of reliable principles and methods," as required to exclude that testimony.

***b. Ms. Jarcho's Disagreement with the SEC's Proposed Expert Does Not Render Her Proposed Testimony Unreliable.***

The SEC argues that Ms. Jarcho's testimony should be excluded because in her rebuttal report she disagreed with the SEC's proposed expert's "industry customs and practices" standard. That argument should be rejected for at least three reasons. First, the case on which the SEC relies – *Vernazza v. SEC* – does not support its position. While the SEC cites *Vernazza* for the proposition that "[i]ndustry practice is relevant to show the standard of care necessary to a recklessness inquiry," the *Vernazza* court went on to state immediately thereafter that "[n]onetheless, that standard is ultimately one of reasonable prudence, whether it usually is complied with or not." *Vernazza v. SEC*, 327 F.3d at 861 (citations and quotations omitted). In fact, in *SEC v. Dain Rauscher*, the case on which the *Vernazza* court relied, the SEC argued *against* an "industry practice" standard, and the court agreed:

> In challenging the district court's summary judgment, the SEC contends the standard of care by which Ough's conduct must be measured is not defined solely by industry practice, but must be judged by a more expansive standard of reasonable prudence, for

> which the industry standard is but one factor to consider. We agree. We have held that "it is well-settled that '[p]roof of adherence to an industry practice or custom is not dispositive of the issue of negligence,' because 'what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not.'"

*Dain Rauscher, Inc.*, 254 F.3d at 856 (citing *Doe v. Cutter Biological, Inc.*, 971 F.2d 375, 383 (9th Cir. 1992). Ms. Jarcho's proposed testimony is entirely consistent with those statements.

Second, as with its previous argument, the SEC has not offered any challenge to Ms. Jarcho's qualifications or actual experiences as a Senior Officer in the SEC's Division of Examinations, as required to exclude Ms. Jarcho's proposed testimony on reliability grounds.

And third, the SEC's argument relates *only* to Ms. Jarcho's rebuttal report. The SEC offers no reason whatsoever why the opinions expressed in her initial report should be excluded, other than the fact that it disagrees with them. That is plainly not enough.

**2. The SEC's Claim that Ms. Jarcho's Opinions Are Unreliable Because They "Invade the Province of the Court" Is Meritless.**

The SEC does not cite to a single Ninth Circuit opinion in support of its claim that Ms. Jarcho's opinions "invade the province of the Court." The only case the SEC cites from any court within the Ninth Circuit is *SEC v. Daifotis*, 2012 WL 205119 (N.D. Cal. 2012), an unpublished decision from the Northern District of California. And that case does not support the SEC's position. The court in *Daifotis* excluded proposed expert testimony of an "investigator" who "purport[ed] to have investigated the facts and propose[d] to tell the jury what actually occurred in the case at hand." That is entirely different than the situation here. Ms. Jarcho is a uniquely qualified expert in the area of investment adviser and broker-dealer

duties and disclosure obligations. Unlike the proposed "expert" in *Daifotis*, Ms. Jarcho will not "tell the jury what actually occurred in the case at hand." Ms. Jarcho will provide testimony, based on her experience as a Senior Officer in the SEC's Division of Examinations, regarding investment adviser and broker-dealer duties and disclosure obligations, SEC practices with respect to those duties and disclosures obligations, and application of those of those principals and methods to the facts of the case.

Importantly, the *Daifotis* court *did not* exclude the proposed expert's testimony "regarding the industry practice and regulatory framework for a mutual funds' communications with the public, the process by which communications with the public are created, reviewed, and approved." The court found specifically that that testimony was appropriate, stating as follows:

> [The proposed expert's opinion] is the proper subject of expert testimony and may be helpful to the jury in understanding the technical regulatory process and industry practice. *This testimony is relevant to assisting the jury in its determination of whether defendant, who is alleged to have made various misstatements and misleading omissions, did so with the requisite scienter.*

*Id.* at *3 (emphasis added). *See also Vernazza*, 327 F.3d at 862 ("expert testimony might also be relevant to determine whether the adviser's conduct is so far outside the range of reasonable conduct so as to be considered reckless"); *Dain Rauscher*, 254 F.3d at 858 (expert witness *proffered by the SEC* testified as to recklessness). Like that proposed testimony, Ms. Jarcho's proposed testimony is the proper subject of expert testimony.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny the SEC's Motion to Exclude Expert Testimony of Jane Jarcho, and grant such other relief as the Court deems proper.

Dated: February 22, 2023

THOMAS LAW LLC

/s/Jeffrey R. Thomas

Jeffrey R. Thomas
*Attorneys for Defendant Mark A. MacArthur*

HINSHAW & CULBERTSON LLP

/s/Kenneth E. Yeadon

Kenneth E. Yeadon
*Attorneys for Defendants Criterion Wealth Management Services, Inc. and Robert A. Gravette*