Jeffrey R. Thomas, Cal. Bar No. 179327
Email: jthomas@thomaslawllc.com
Attorney for Defendant Mark A. MacArthur
Thomas Law LLC
3801 E Florida Ave, Ste. 107
Denver, Colorado 80210
Telephone:  720.330.2805

Kenneth E. Yeadon Ill. Bar No. 6273281
Email: kyeadon@hinshawlaw.com
Attorney for Defendants Criterion Wealth
Management Insurance Services, Inc. and
Robert Allen Gravette
Hinshaw & Culbertson LLP
151 N. Franklin Blvd., Ste. 2500
Chicago, Illinois 60606
Telephone:   (312) 704-3524
Facsimile:    (312) 704-3000

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CRITERION WEALTH MANAGEMENT INSURANCE SERVICES, INC., et al.<br><br>Defendants. | Case No. 2:20-cv-01402-SPG-JEM<br><br>**DEFENDANTS' JOINT MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Ctrm:  5C<br>Judge:  Hon. Sherilyn Peace Garnett<br><br>Pre-Trial Conf. Date:   4/26/2023<br>Trial Date:                    5/16/2023 |

Pursuant to L.R. 16-4, Defendants Criterion Wealth Management Insurance Services, Inc. ("Criterion"), Robert A. Gravette ("Gravette"), and Mark A. MacArthur ("MacArthur") (collectively "Defendants") submit their Joint Memorandum of Contentions of Fact and Law.

1. **L.R. 16-4.1 Claims and Defenses.**
2. **(a)** **Summary Statement of Plaintiff's Claims**
3. Claim 1: All defendants violated Section 206(1) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-1 *et seq.* ("Advisers Act")
4. Claim 3: Defendants Criterion and Gravette violated Section 207 of the Advisers Act
5. Claim 4: Defendant Criterion violated Section 206(4) of the Advisers Act and Rule 206(4)-7 thereunder
6. Claim 5: Defendant Gravette aided and abetted Criterion's violations of Sections 206(1), 206(2), and 207 of the Advisers Act
7. Claim 6: Defendant MacArthur aided and abetted Criterion's violations of Sections 206(1) and 206(2) of the Advisers Act
8. **(b)** **Elements of Plaintiff's Claims**

<u>Elements Required to Establish Plaintiff's Claim
for Violation of Section 206(1) of the Advisers Act</u>

1. Defendants were investment advisers;
2. Defendants utilized the mails or instrumentalities of interstate commerce to employ a device, scheme or artifice;
3. The device, scheme or artifice violated Defendants' fiduciary duty to their clients in that they made false and misleading statements or omissions of material fact to their clients; and
4. Defendants acted with scienter.

*See SEC v. Merrill Scott & Assocs., Ltd.*, 505 F. Supp. 2d 1193, 1215 (D. Utah 2007).

<u>Elements Required to Establish Plaintiff's Claim</u>
<u>for Violation of Section 207 of the Advisers Act</u>

1. Criterion and Gravette made an untrue statement of a material fact in any registration application or report filed with the Commission under Section 203, or omitted to state in any such application or report any material fact which is required to be stated therein; and

2. Criterion and Gravette acted willfully. Willfully means intentionally committing the act which constitutes the violation. Intent is defined as acting "with the purpose of producing" a given consequence or "knowing that the consequence is substantially certain to result."

15 U.S.C. § 80b-7; *Robare Group, Ltd. v. SEC*, 922 F.3d 468, 479 (D.C. Cir. 2019) (providing definition of willfulness and intent).

<u>Elements Required to Establish Plaintiff's Claim for Violation of Section</u>
<u>206(4) of the Advisers Act and Rule 206(4)-7 thereunder</u>

1. Criterion failed to adopt and implement written policies and procedures reasonably designed to prevent violation of the Advisers Act and rules thereunder, or to review at least annually the adequacy of the policies and procedures and effectiveness of their implementation; and

2. Criterion acted negligently.

15 U.S.C. §80b-4; 17 C.F.R. § 275.206(4)–7; *SEC v. Steadman*, 967 F.2d 636, 643 n.5 (D.C. Cir. 1992)

<u>Elements Required to Establish Plaintiff's Claim for Aiding and Abetting</u>

1. The existence of an independent primary violation;
2. Actual knowledge or reckless disregard by Defendant of the wrong and of his role in furthering it; and
3. Defendant substantially assisted in the accomplishment of the primary violation.

*SEC v. Fehn*, 97 F.3d 1276, 1288 (9th Cir. 1996).

**(c)** **Brief Description of Key Evidence in Opposition to Claims**

Brief Description of Key Evidence in Opposition to Plaintiff's Claim for Violation of Section 206(1) of the Advisers Act

- Forms ADV, Investment Advisory Agreements, Private Placement Memoranda, and other disclosure documents.
- Testimony of Defendants regarding:
    o Disclosures to Investors,
    o Their belief that they were acting solely in their capacities as broker-dealers,
    o Their belief that their disclosures were adequate,
    o Their belief that the commission structure benefitted the Investors.
- Testimony of Jane Jarcho, Defendants' expert witness, that Defendants were acting solely in their capacities as broker-dealers, did not fail to disclose all material facts of the compensation received from the private placement investments at issue in this case, and did not fail to explain an alleged conflict of interest arising out of the compensation.

Brief Description of Key Evidence in Opposition to Plaintiff's Claim for Violation of Section 207 of the Advisers Act

- Forms ADV.
- Testimony of Gravette regarding disclosures in the Forms ADV.
- Testimony by Jane Jarcho that Criterion and Gravette did not fail to disclose all material facts of the compensation received from the private placement investments at issue in this case, and did not fail to explain an alleged conflict of interest arising out of the compensation.

### Brief Description of Key Evidence in Opposition to Plaintiff's Claim for Violation of Section 206(4) of the Advisers Act and Rule 206(4)-7 thereunder

- Criterion's compliance manuals.
- Testimony of Gravette regarding preparation and revision of Criterion's written policies and procedures, including the compliance manual, meetings with compliance consultants, and review of the adequacy and effectiveness of Criterion's written policies and procedures.
- Testimony by Jane Jarcho that the private placements at issue arose out of broker-dealer activity handled by Ausdal Financial Services.

### Brief Description of Key Evidence in Opposition to Plaintiff's Claim for Aiding and Abetting

- Forms ADV, Investment Advisory Agreements, Private Placement Memoranda, and other disclosure documents.
- Testimony of Defendants regarding:
    - Disclosures to Investors,
    - Their belief that they were acting solely in their capacities as broker-dealers,
    - Their belief that their disclosures were adequate,
    - Their belief that the commission structure benefitted the Investors.
- Testimony of Jane Jarcho that Defendants were acting solely in their capacities as broker-dealers, did not fail to disclose all material facts of the compensation received from the private placement investments at issue in this case, and did not fail to explain an alleged conflict of interest arising out of the compensation.

**(d)  Summary Statement of Counterclaims and Affirmative Defenses**

None.

**(e)  Elements of Counterclaims and Affirmative Defenses**

Not applicable.

**(f)  Key Evidence in Support of Counterclaims and Affirmative Defenses**

Not applicable.

**(g)  Third Party Statements**

Not applicable.

**(h)  Anticipated Evidentiary Issues**

None.

**(i)  Issues of Law**

None.

**L.R. 16-4.2 [Abrogated].**

**L.R. 16-4.3 Bifurcation of Issues.**

None.

**L.R. 16-4.4 Jury Trial.**

This matter will be tried to the Court.

**L.R. 16-4.5 Attorneys' Fees.**

Not applicable.

**L.R. 16-4.6 Abandonment of Issues.**

None.

| | | |
|---|---|---|
| 2 | Dated: March 22, 2023 | THOMAS LAW LLC |
| | | /s/Jeffrey R. Thomas |
| | | Jeffrey R. Thomas |
| | | *Attorneys for Defendant Mark A. MacArthur* |
| | | |
| | | HINSHAW & CULBERTSON LLP |
| | | |
| | | /s/Kenneth E. Yeadon |
| | | Kenneth E. Yeadon |
| | | *Attorneys for Defendants Criterion Wealth Management Services, Inc. and Robert A. Gravette* |