# EXHIBIT 55

NRS

April 22, 2014

Carolina Arriaga
Criterion Wealth Management
26650 North The Old Road, Suite 212
Valencia, CA 91381

**RE: Compliance Program Review for Criterion Wealth Management scheduled on Wednesday, May 28, 2014 at 9:00 a.m.**

Dear Carolina,

At the start of the on-site visit, National Regulatory Services ("NRS") would like to discuss the scope of the review and Criterion Wealth Management's ("Criterion") objectives. We will also want to discuss the overall organization of the firm, its affiliates (if any), its businesses, control environment, and compliance program. At various times during the review, we will want to interview persons responsible for portfolio management, trade execution, back office/administration, information technology and marketing. The scope and duration of the review means that interviews and document reviews will constitute samplings of various compliance areas. In planning personnel for interviews, please consider the time we have available on site with you to ensure that persons with appropriate knowledge can be interviewed.

NRS has identified a number of documents that it intends to review for this engagement. We would like to review some of the documents before the on-site visit, and others during the on-site visit. We have highlighted in RED the documents to be reviewed *in advance*. The other documents will be reviewed during the on-site visit.

When providing documents during the on-site review, please label each document with the request number shown in this Document Request List. To help keep track of Criterion's responses to the document requests, please provide a copy of this request that has been filled in, as much as possible, indicating the following for each document requested:

- If the requested document has been provided to NRS in advance, mark "X" in the "Provided to NRS" box.
- If the requested document will be provided to NRS during the on-site visit (and was not provided in advance), leave all boxes for that document blank (the Consultant will mark the "Provided to NRS" box when the document is actually received).
- If the requested document is kept by Criterion but will not be available for the on-site visit, please mark "X" in the "Not Available" box.
- **If Criterion does not keep the requested document or the document is not applicable based on the nature & scope of your firm's securities business, please mark "X" in the "Not Kept" box, write in the name of an alternative document that provides the same or similar information or note as "NA."**

To facilitate your sending the initial requested documents, our addresses are as follows:

| Mail: | Email: | Fax: |
|---|---|---|
| 10089 Willow Creek Rd, Suite 120<br>San Diego, CA 92131 | lnakamura@nrs-inc.com | 858.549.7162 |

If you have any questions regarding the requests, we would be glad to schedule a telephone call prior to the on-site visit. Please contact me with a convenient time if you would like a pre-visit call. Feel free to contact myself if you have any questions about the specific documents requested, our review process, or any other concerns you might have. We look forward to our upcoming visit.

Very truly yours,
*Larry Nakamura*
Consultant
858.549.7131 x 62549
lnakamura@nrs-inc.com

GOVERNMENT EXHIBIT 55 LA-4843 PENGAD 800-631-6989



SEC-NRS-E-0018338

NRS

| **Document Requested**<br>*The review period is **April 1, 2013 - March 31, 2014** unless otherwise noted.* | **Provided to NRS** | **Not Available** | **Not Kept** |
|---|---|---|---|
| 1) Compliance Policies & Procedures in place during the review period, including: | | | |
| a) Anti-Money Laundering Policy; | | | |
| b) Disaster recovery/ Business Continuity Plan; | | | |
| c) Privacy Policy; | | | |
| d) Proxy Voting policy and guidelines. | | | |
| 2) Code of Ethics-related documents in place during the review period including: | | | |
| a) list of access/supervised persons; | | | |
| b) records of employee securities transactions during the review period; | | | |
| c) records demonstrating reviews of employee securities transactions; | | | |
| d) records of preclearance requests and approvals; | | | |
| e) records of annual COE attestations. | | | |
| 3) Client lists: | | | |
| a) all clients by state of residence; | | | |
| b) accounts acquired or lost during the review period; | | | |
| c) current discretionary accounts; | | | |
| d) current non-discretionary accounts; | | | |
| e) all clients with performance-based fee arrangements; | | | |
| f) accounts of related persons managed as client accounts; | | | |
| g) clients with directed brokerage instructions; | | | |
| h) all accounts where the firm or any supervised person acts as a trustee, executor, or conservator over any client account(s); | | | |
| i) all Taft-Hartley or public pension accounts | | | |
| 4) Organization Chart including "external" (showing parent companies, affiliated firms, and/or subsidiaries) and "internal" (showing supervisory structure of firm including key officers and department managers) in effect during the review period. | | | |
| 5) List of IARs representing the firm during the review period. | | | |
| 6) List of all affiliated and non-affiliated broker-dealer(s), custodian(s), and sub-advisers/model portfolio managers. (Please be prepared to provide current agreements). | | | |
| 7) List of all third party outsourced vendors utilized for the review period including evidence of due diligence reviews. | | | |
| 8) Sample solicitor's agreement and sample documents related to disclosure of solicitor's fees. | | | |
| a) List of all solicitors utilized during the review period. | | | |
| 9) Records of material compliance violations detected in the past two years, including information regarding how the violations were detected and resolved. | | | |
| 10) Any regulatory examinations in the past 10 years. Please provide the following information: | | | |
| • Regulating Entity (State, SEC, FINRA, Department of Labor); | | | |
| • Date of examination; | | | |
| • Deficiency letter; | | | |
| • Response to deficiency latter and any evidence of corrective action. | | | |
| 11) Records of Annual Compliance Reviews pursuant to Rule 206(4)-7 in place during the review period, including: | | | |
| a) risk or conflict of interest assessment (or inventory) conducted by your firm; | | | |
| b) review of policies and procedures; | | | |
| c) sample compliance checklists; | | | |
| d) review worksheets; | | | |
| e) supervision exception reports; | | | |
| f) compliance management/supervisory reports; | | | |

NRS

| **Document Requested**<br>*The review period is **April 1, 2013 - March 31, 2014** unless otherwise noted.* | **Provided to NRS** | **Not Available** | **Not Kept** |
|---|---|---|---|
| g) e-mail review exception reports; | | | |
| h) wire transfer exception reports; | | | |
| i) evidence of supervision of social media websites used by the firm or its employees. | | | |
| 12) Results/documentation of portfolio monitoring for compliance with investment parameters and restrictions. | | | |
| 13) In electronic excel spreadsheet format, a record of all client securities transactions for the past 6 months identifying the following: | | | |
| • Account number | | | |
| • Date | | | |
| • Purchase/sale | | | |
| • Security Name | | | |
| • Broker at which trade effected | | | |
| • Share price | | | |
| • Commission cost | | | |
| 14) Records of all IPO transactions, allocation methodologies, and actual allocations for the past 6 months. | | | |
| 15) Access to trade order memorandum records for the past 3 months. | | | |
| 16) List of trading errors in the past 6 months. | | | |
| 17) All best execution reviews for the review period. | | | |
| 18) Brokerage allocation reports for the review period. | | | |
| 19) Evidence of securities valuation reviews for the previous 3 months. | | | |
| 20) Records of political contributions by covered associates including pre-approval requests and evidence of supervision for the review period. | | | |
| 21) Materials related to soft dollar arrangements including due diligence reviews used during the review period. | | | |
| 22) Investment Committee meeting minutes for the review period. | | | |
| 23) Compliance Committee meeting minutes for the review period. | | | |
| 24) Gift log for the review period. | | | |
| 25) Evidence of due inquiry to qualified custodian(s) for the review period. | | | |
| 26) Sample financial plan used during the review period. | | | |
| 27) Sample advisory agreement used during the review period. | | | |
| 28) Offering memoranda of affiliated private placements. | | | |
| 29) Cash ledgers for the review period. | | | |
| 30) Form 13D/13F/13G/13H filings for the past two quarters. | | | |
| 31) Evidence of the annual offer of Form ADV Part 2 for the past two years. | | | |
| 32) Evidence of the annual delivery of Privacy Notice, for the past two years. | | | |
| 33) Copy of Privacy Notice currently in use and distributed to clients. | | | |
| 34) Lists of restricted securities and/or watch lists for the review period. | | | |
| 35) Proxy Voting records for the review period. | | | |
| 36) Documentation of training conducted by the firm during the review period, including the dates, attendees, and material used in such training. | | | |
| 37) Marketing materials in use during the review period including: | | | |
| a) website URL; | | | |
| b) any advertising materials; | | | |
| c) performance advertisements | | | |
| d) List of any social media websites used by firm | | | |
| e) newsletters | | | |
| f) sample business cards and letterhead | | | |
| 38) Access to client files and client correspondence. | | | |