CHARLES CANTER (Cal. Bar No. 263197)
Email: canterc@sec.gov
DANIEL S. LIM (Cal. Bar No. 292406)
Email: limda@sec.gov
DOHOANG T. DUONG (Cal. Bar No. 219127)
Email: duongdo@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katherine Zoladz, Associate Regional Director
Gary Y. Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CRITERION WEALTH MANAGEMENT INSURANCE SERVICES, INC.; ROBERT ALLEN GRAVETTE; and MARK ANDREW MACARTHUR<br><br>Defendants. | Case No. 2:20-cv-01402-SPG-JEM<br><br>**DECLARATION OF DANIEL NIEDNAGEL**<br><br>Pre-Trial Conf. Date: April 26, 2023<br>Trial Date: May 16, 2023<br><br>Judge: Hon. Sherilyn Peace Garnett |

# DECLARATION OF DANIEL NIEDNAGEL

I, Daniel Niednagel, declare, pursuant to U.S.C. § 1746, as follows:

1. I am an individual over 18 years of age and have personal knowledge of the matters set forth below, and if called as a witness, I could and would competently testify to the facts stated therein.

2. I made this declaration at the request of the staff of the Securities and Exchange Commission ("SEC").

3. I am a manager and indirect owner of Bird Rock Management LLC ("Bird Rock"). Bird Rock is an investment adviser registered with the State of California. Bird Rock previously managed two real estate investment funds, Southland Home Mortgage II, LLC ("Southland II"), and Pacific West Home Mortgage II, LLC ("Pacific West II") (collectively, "Bird Rock funds"). Before Bird Rock launched Southland II and Pacific West II, my brother and I managed two other real estate investment funds, Southland Home Mortgage, LLC, and Pacific West Home Mortgage, LLC (collectively, "Bird Rock legacy funds"), through an entity called Bird Rock Ventures, LLC ("Bird Rock Ventures").

4. One difference between the Bird Rock legacy funds and the Bird Rock funds is that the former paid investors a preferred return of 10% and the latter paid investors a preferred return of 8%.

5. Bird Rock Ventures entered into a referral arrangement with Defendants Criterion Wealth Management Insurance Services, Inc. ("Criterion"), Robert A. Gravette ("Gravette"), and Mark A. MacArthur ("MacArthur") in or about 2009. Under the referral arrangement, Gravette and MacArthur referred Criterion clients to the Bird Rock legacy funds. In exchange, Bird Rock Ventures paid Criterion a "trailing referral fee" equal to 2% of the amount Criterion clients contributed to the Bird Rock legacy funds through quarterly payments of 0.5%. These referral fees were "trailing" in nature because they were paid for as long as Criterion's clients were invested in the funds.

6. Bird Rock had a similar referral arrangement with Criterion, Gravette and MacArthur for the Bird Rock funds. In other words, Bird Rock paid Ausdal a "trailing referral fee" equal to 2% of the amount Criterion clients contributed to the Bird Rock funds through quarterly payments of 0.5%.

7. Initially, Bird Rock Ventures paid Criterion, Gravette and MacArthur directly. At some point, Bird Rock paid Ausdal Financial Partners ("Ausdal"), the broker-dealer with whom Gravette and MacArthur were associated.

8. Bird Rock documented its referral arrangement with Ausdal for Pacific West II in a letter dated June 21, 2016. A true and correct copy of that June 21, 2016 letter is attached hereto as Exhibit 127. None of the other referral arrangements between Bird Rock Ventures and Bird Rock, on the one hand, and Ausdal, Criterion, Gravette, and MacArthur, on the other, were reduced to writing.

9. The investors received their full preferred return every year and Bird Rock and Bird Rock Ventures paid the trailing referral fees to Ausdal and Criterion, Gravette, and MacArthur on a quarterly basis. These quarterly payments for 2014 are reflected in the spreadsheet I attached to a March 21, 2018 email message I sent to Gravette. A true and correct copy of that March 21, 2018 email message is attached hereto as Exhibit 42.

10. Bird Rock Ventures, in its discretion, occasionally paid Criterion, Gravette, and MacArthur more than the agreed-upon 2% trailing referral fee only in those years where the funds also paid the investors above the stated preferred return. Neither Bird Rock Ventures nor Bird Rock ever paid Criterion, Gravette, and MacArthur or Ausdal less than 2% annually for either the Bird Rock funds or the Bird Rock legacy funds. In an email dated November 4, 2016 to Jason Stauffer, I explained that Bird Rock Ventures voluntarily paid Criterion, Gravette, and MacArthur more than the 2% owed in 2010 and paid Criterion, Gravette, and MacArthur an advance on commissions in 2011. A true and correct copy of that November 4, 2016 email message is attached hereto as Exhibit 36.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of March, 2023, at Laguna Beach, California.

Respectfully submitted,

DANIEL D. NIEDNAGEL

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On March 29, 2023, I caused to be served the document entitled **DECLARATION OF DANIEL D. NIEDNAGEL** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 29, 2023

*/s/ Charles E. Canter*
Charles E. Canter

***SEC v. Criterion Wealth Management Insurance Services, Inc., et al.***
**United States District Court for the Central District of California**
**Case No. 2:20-cv-01402-SPG-JEM**

## SERVICE LIST

Kenneth E. Yeadon, Esq.
Hinshaw & Culbertson LLP
151 N. Franklin Blvd., Ste. 2500
Chicago, IL 60606
Email: kyeadon@hinshawlaw.com
***Attorney for Defendants Criterion Wealth Management Insurance Services, Inc., and Robert Allen Gravette***

Jeffrey R. Thomas, Esq.
Thomas Law LLC
3801 E. Florida Ave.,
Suite 107
Denver, CO 80210
Email: jthomas@thomaslawllc.com
***Attorney for Defendant Mark Andrew MacArthur***