1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>   vs.<br><br>CRITERION WEALTH MANAGEMENT INSURANCE SERVICES, INC.; ROBERT ALLEN GRAVETTE; and MARK ANDREW MACARTHUR<br><br>       Defendants. | Case No. 2:20-cv-01402-SPG-JEM<br><br>**FINAL JUDGMENT AS TO ROBERT ALLEN GRAVETTE** |

The Securities and Exchange Commission having filed a Complaint and Defendant Robert Allen Gravette ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI.); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(2), as an investment adviser by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 207 of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-7, by:

(a)     willfully making an untrue statement of a material fact in any registration application or report filed with the Commission under Advisers Act Sections 203 or 204, 15 U.S.C. §§ 80b-3 & 80b-4; or

1

(b)     willfully omitting to state in any such application or report any material

fact which is required to be stated therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal

service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant or

with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant is liable for disgorgement of $ 111,474, representing net profits gained as

a result of the conduct alleged in the Complaint, together with prejudgment interest

thereon in the amount of $ 11,424.23, and a civil penalty in the amount of $ 111,474

pursuant to Section 209(e) of Advisers Act, 15 U.S.C. § 80b-9(e).  Defendant shall

satisfy this obligation by paying $ 234,372.23 to the Securities and Exchange

Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also

be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

1  and shall be accompanied by a letter identifying the case title, civil action number,

2  and name of this Court; Robert Allen Gravette as a defendant in this action; and

3  specifying that payment is made pursuant to this Final Judgment.

4        Defendant shall simultaneously transmit photocopies of evidence of payment

5  and case identifying information to the Commission's counsel in this action.  By

6  making this payment, Defendant relinquishes all legal and equitable right, title, and

7  interest in such funds and no part of the funds shall be returned to Defendant.

8        The Commission may enforce the Court's judgment for disgorgement and

9  prejudgment interest by using all collection procedures authorized by law, including,

10  but not limited to, moving for civil contempt at any time after 30 days following entry

11  of this Final Judgment.

12        The Commission may enforce the Court's judgment for penalties by the use of

13  all collection procedures authorized by law, including the Federal Debt Collection

14  Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the

15  violation of any Court orders issued in this action.  Defendant shall pay post

16  judgment interest on any amounts due after 30 days of the entry of this Final

17  Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds,

18  together with any interest and income earned thereon (collectively, the "Fund"),

19  pending further order of the Court.

20        The Commission may propose a plan to distribute the Fund subject to the

21  Court's approval.  Such a plan may provide that the Fund shall be distributed

22  pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of

23  2002.  The Court shall retain jurisdiction over the administration of any distribution

24  of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

25        Regardless of whether any such Fund distribution is made, amounts ordered to

26  be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties

27  paid to the government for all purposes, including all tax purposes.  To preserve the

28  deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of

any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED:  July 3, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE